**SUPERIOR COURT**
OF THE
**STATE OF DELAWARE**

VIVIAN L. MEDINILLA
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DE 19801-3733
TELEPHONE (302) 255-0626

September 16, 2022

Chanel Tarrant
2011 N. Tatnall Street
Wilmington, DE 19802

Jody C. Barillare, Esquire
Morgan, Lewis & Bockius LLP
1201 N. Market Street, Suite 2201
Wilmington, DE 19801

Victoria Groff, Esquire
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801

**Re: *Chanel Tarrant v. Christiana Care and Unemployment Insurance Appeal Board* C. A. No. N21A-10-007 VLM**

Dear Ms. Tarrant and Counsel:

On September 12, 2022, this Court held a virtual hearing on Defendant's Motion to Dismiss. Ms. Tarrant failed to appear on the Zoom call and, for reasons stated on the record, the Court ruled in favor of Defendants. Immediately following the hearing, Ms. Tarrant notified chambers that she had just received notification and further submitted a letter to Prothonotary for an opportunity to be heard. The matter was again rescheduled for September 15, 2022. Ms. Tarrant was given an opportunity to present her position and indicated on the record that she relied on her submissions. For the reasons stated below, Defendants joint Motion to Dismiss Plaintiff's Appeal must be **GRANTED**.

*Relevant Facts*

Ms. Tarrant was employed by Defendant Christiana Care Health System ("Christiana Care") from 1989 to March 2019. Ms. Tarrant alleges that she was injured on the job on April 4, 2017, which resulted in being out of work for one year. She alleges that Christiana Care forced her to take FMLA to keep her job position open when she returned to work, but never provided her with a light duty position. She claims

that she was terminated on March 13, 2019, due to her disability and was denied unemployment payments.[1]

## *Procedural History*

On March 11, 2018, Ms. Tarrant applied for unemployment benefits.[2] Notably, her application was denied as she was still employed with Defendant Christiana Care.[3] She did not request further review by a Claims Referee nor seek a final decision with the Defendant Unemployment Insurance Appeal Board ("Board").

Instead, Ms. Tarrant filed a Charge of Discrimination with the Delaware Department of Labor ("DDOL") in December 2019. The DDOL issued a No Cause Determination and Dismissal in August 2021 and the Equal Employment Opportunity Commission ("EEOC") adopted the DDOL's findings, issuing a Federal Right to Sue Notice on September 28, 2021.

On October 20, 2021, Ms. Tarrant filed this *appeal* against both Christiana Care and the Board.[4] Defendants were served on November 4, 2021.[5] The Court held a teleconference on April 4, 2022. Ms. Tarrant failed to appear. The Court then held a second teleconference on April 28, 2022 to advise Ms. Tarrant of status of case. Defendant Christiana Care filed a Motion to Dismiss Plaintiff's Appeal on July 27, 2022. The Board joined the Motion on August 4, 2022. Ms. Tarrant responded on

---

[1] More fully set out in the pleadings, Christiana Care disputes many of Ms. Tarrant's assertions. It contends that Ms. Tarrant returned without restrictions from April 2017 until August 2017, when she was accommodated with light duty work. It further maintains that Ms. Tarrant voluntarily left her employment and signed a general release of all claims against Christiana Care pursuant to a settlement agreement that provided her with a lump-sum payment. These factual disputes need not be considered where the Court's ruling is based upon procedural grounds.

[2] Appellant's Response to the Motion to Dismiss, Ex. B ("My name is Chanel Tarrant I have documents stating that I applied for unemployment benefits on 3/11/2018 and was denied.").

[3] *Id.* ("Christiana Care said I was still employed with them at the time I filed my claim and it was denied.").

[4] D.I. 1-5.

[5] A missing record letter was sent by this Court on March 2, 2022 for failure to respond. On March 11, 2022, counsel for the Board provided case information clarifications to rectify issues related to Ms. Tarrant's filing. Specifically, since there was no final decision from the Board, counsel for the Board also contacted the Industrial Accident Board (IAB) to determine if the matter had been properly filed with that agency. The IAB represented that the last claim it had on file for Ms. Tarrant dated back to 2019.

August 10, 2022.  Christiana Care replied on September 2, 2022.  Oral arguments were scheduled to be heard on September 12, 2022.  Ms. Tarrant again failed to appear. Given her reasons of not having notice, the Court agreed to provide her with an opportunity to present her position.  A second hearing was held on September 15, 2022. The matter is ripe for review.

## *Standard of Review*

Under Delaware Superior Court Civil Rule 72(i), dismissal may be ordered upon a motion filed by any party.[6]  Grounds for dismissal include "failure to comply with any rule, statute, or order of the Court or for any other reason deemed by the Court to be appropriate."[7]  Where the Court lacks jurisdiction to hear an appeal from an administrative agency, the case must be dismissed.[8]

## *Discussion*

Under 19 *Del. C.* § 3322, judicial review of a final decision of the Board "shall be permitted only after any party claiming to be aggrieved thereby has exhausted all administrative remedies as provided by this chapter."[9]  Delaware courts have consistently held that where an appellant fails to exhaust all administrative remedies, the Court lacks jurisdiction over the matter and, again, the case must be dismissed.[10]

The Court reiterates that Ms. Tarrant's lack of legal knowledge did not affect this ruling.  It is true that the Court "will accommodate *pro se* litigants only to the extent that such leniency does not affect the substantive rights of the parties,"[11] but here, the record is clear—there is no final decision from the Board to trigger judicial review

---

[6] Del. Super. Ct. Civ. R. 72(i).

[7] Del. Super. Ct. Civ. R. 72(i).

[8] *See*, *Griffin v. Daimler Chrysler*, 2000 WL 33309877, at *2 (Del. Super. Apr. 27, 2001); *Carter v. Dep't of Labor*, 1993 WL 489222, at *2 (Del. Super. Nov. 12, 1993).

[9] 19 *Del. C.* § 3322(a); *see also* 19 *Del. C.* § 3323(a) (providing a party may appeal a final Board decision to the Superior Court).

[10] *See Waples v. Unemployment Ins. Appeal Bd.*, 2011 WL 5288974, at *1 (Del. Super. July 21, 2011); *Griffin v. Daimler Chrysler*, 2000 WL 33309877, at *2 (Del. Super. Apr. 27, 2001).

[11] *Maddox v. Isaacs*, 2013 WL 2297030, at *2 (Del. Super. May 7, 2013), *aff'd* 74 A.3d 654, 2013 WL 4858989 (Del. Sept. 10, 2013) (TABLE) (citing *Anderson v. Tingle*, 2011 WL 3654531, at *2 (Del. Super. Aug. 15, 2011). "

under § 3323.[12]  No additional information from Ms. Tarrant could have changed this ruling.

Although Ms. Tarrant filed a claim for unemployment benefits in March 2018, she did not challenge the determination of denial, nor did she obtain a final Board decision that would be ripe for appellate review.  Therefore, the Court finds that Ms. Tarrant did not engage in the necessary steps to file an appeal with this Court.  Since she did not exhaust all administrative remedies, the Court lacks jurisdiction to address the merits of the case.  Defendants' joint Motion to Dismiss Plaintiff's Appeal must be **GRANTED.**[13]

Sincerely,

/s/ Vivian L. Medinilla
Vivian L. Medinilla
Judge

oc:    Prothonotary

---

[12] 19 *Del. C.* § 3323 provides that "[w]ithin 10 days after the decision of the Unemployment Insurance Appeal Board has become final, any party aggrieved thereby may secure judicial review thereof by commencing an action in the Superior Court. . . ."

[13] The Court thanks Board counsel, Ms. Groff, for mentioning to Ms. Tarrant that if she remains unemployed, she may consider filing with the Delaware Department of Labor, Division of Unemployment Insurance, at 4425 North Market Street, Wilmington, Delaware 19802.